Milk Control Commission of Pennsylvania *v.*
Lily-Penn Food Stores, Inc. et al.,
Appellants.

Argued September 28, 1967; reargued January 20, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*J. Brooke Aker,* with him *Henry W. Rhoads,* and *Smith, Aker, Grossman & Hollinger,* and *Rhoads, Sinon & Reader,* for appellant.

*Harold E. Kohn,* for appellant.

*Anthony W. Novasitis, Jr.,* Assistant Attorney General, with him *Edward Friedman,* Counsel General, and *William C. Sennett,* Attorney General, for Milk Control Commission, appellee.

*Willis F. Daniels,* with him *Daniels and Swope,* for Inter-State Milk Producers' Cooperative, appellee.

*Roland Morris,* with him *Morris Duane, John B. Martin, David D. Knoll,* and *Duane, Morris & Heckscher,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, April 23, 1969:

The Milk Control Commission filed a complaint in equity, seeking to enjoin Lily-Penn Food Stores, Inc. and Cumberland Farms of New Jersey, Inc., from vio-

lations of the Pennsylvania Milk Control Act. In that case, Interstate Milk Producers Cooperative petitioned for and was granted leave to intervene as a party plaintiff. In addition, the Milk Distributors Association of the Philadelphia Area, Inc., petitioned for and was granted leave to intervene as a party plaintiff. The Milk Control Commission also filed a complaint in equity, seeking to enjoin Louden Hill Farm, Inc., from violating the Milk Control Act. Although in the Lily-Penn-Cumberland Farms case there were questions involving licensing under the Milk Control Act, the essential thrust of both cases was to enjoin the defendants from marketing milk at retail at prices lower than the minimum retail prices established by relevant Official General Orders of the Milk Control Commission. In both cases, temporary restraining orders were entered, in accordance with the prayers of the complaints, and after full hearing, the Chancellor filed an exhaustive adjudication and decrees nisi, in which he permanently enjoined the defendants from violations of the orders of the Commission. Exceptions to the adjudication and decrees nisi were filed by the defendants, considered and overruled by the court en banc, and the decrees nisi were entered as final decrees. The defendants appealed to this Court. Subsequent to the original argument of these cases, the General Assembly of Pennsylvania enacted Act No. 294 of July 31, 1968, amending the Milk Control Act. On petition of the Milk Distributors Association of Philadelphia Area, Inc., we granted leave to reopen the record and ordered a reargument, in order that we might be informed of the effect, if any, of the 1968 Statute on the issues involved in the appeal. We have concluded that the new Act has no effect on the questions presented in these appeals.

Appellants have once again made a direct frontal assault on the constitutionality of the concept of milk

marketing control by the Commonwealth. This vexatious problem is no stranger to this Court. See, e.g., *Milk Control Comm. v. Battista*, 413 Pa. 652, 198 A. 2d 840 (1964). We have previously held and here reaffirm that the Milk Marketing Law of the Commonwealth represents a permissible exercise of the police power of the Commonwealth and is constitutional. The General Assembly has declared the public policy of the Commonwealth, and it is not within the province of this Court to override that legislatively declared policy.

·The Chancellor, in his well-reasoned and authoritative adjudication, has adequately disposed of the issues raised in this appeal, and there is no necessity for this Court to elaborate further upon the conclusions of the Chancellor as affirmed by the court en banc.

Decrees affirmed, each party to bear own costs.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

By its decision, the majority has, sub silentio, permitted the milk distributors to continue to exact tribute from the milk consumers of Pennsylvania. The production, distribution, and marketing of milk has so changed since the Milk Control Law was enacted that the fixing of minimum wholesale and retail milk prices constitutes an arbitrary exercise of the police power and so interferes with appellants' conduct of their businesses that they are being deprived of their property without due process of law. Moreover, the consumer, who can less afford it, is forced to pay $1.06 a gallon for milk in Pennsylvania stores that is processed in the same New Jersey plant as milk that sells for .90 a gallon in Delaware. They must also pay $1.06 a gallon in Pennsylvania for the same milk selling for .89 in New York, and $1.06 for milk that sells in Ohio for .74. I see nothing in the record that justifies fixing

prices to gouge the consumer and subsidize the distributor.

The distribution of milk in the last 30 years has changed so radically that *Milk Control Board v. Eisenberg Farm Products*, 306 U.S. 346 (1939), is no longer applicable and the imposition of minimum retail prices constitutes an interference with and a burden on interstate commerce. Furthermore, I would find the Commission orders void because the chairman, who here cast the deciding vote, has an apparent conflict of interest.

I dissent.